UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEAN OLIVER,

                                  Plaintiff,                    1:19-cv-233 (BKS/DJS)

v.

NEW YORK STATE POLICE; FRANCIS
CHRISTENSEN, in his individual and official capacity;
DANIEL PENNY, in his individual and official capacity;
THOMAS CAPEZZA, in his individual and official
capacity; CLAY LODOVICE, in his individual and official
capacity; JOHN HARFORD, in his individual and official
capacity; MICHAEL VOLFORTE, in his individual and
official capacity; LOIS GOLAND, in her individual and
official capacity; and JASON HUGHES, in his individual
and official capacity,

                                  Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Jean Oliver
Elma, NY

*For Defendants:*
Letitia James
Attorney General of the State of New York
Denise P. Buckley
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER

      Plaintiff pro se Jean Oliver brings this action against her former employer, the New York State Police ("NYSP"), as well as Francis Christensen, former head of the NYSP Office of Human Resources, Daniel Penny, former head of the NYSP Internal Affairs Bureau ("IAB"), and

Thomas Capezza, Clay Lodovice, John Harford, Michale Volforte, Lois Goland, and Jason Hughes, legal counsel for the NYSP. (Dkt. No. 1). Plaintiff has filed several federal and state actions related to her former employment with the NYSP. *See Oliver v. NYSP et al. ("Oliver 2015")*, 1:15-cv-00444 (BKS/DJS) (N.D.N.Y. filed April 14, 2015); *Oliver v. NYSP et al. ("Oliver 2018")*, 1:18-cv-00732 (EAW) (W.D.N.Y. filed July 2, 2018) (Wolford, J.); (*see also* Dkt. No. 1, at 31 (New York Court of Claims, Case No. 12990); Dkt. No. 1, at 41 (Small Claims, City Court of Buffalo)). In a Memorandum-Decision and Order entered on April 13, 2020, the Court dismissed the Complaint in this action but, mindful of Plaintiff's pro se status, gave her leave to file an amended complaint with respect to all but her Title VII and USERRA claims. *Oliver v. New York State Police*, No. 19-cv-233, 2020 WL 1849484, at *11, 2020 U.S. Dist. LEXIS 64150, at *30–32 (N.D.N.Y. April 13, 2020). The Court dismissed all Title VII claims against the New York State Police and the individual Defendants with prejudice. *Id.* at *11, 2020 U.S. Dist. LEXIS 64150, at *31.

On May 13, 2020, Plaintiff filed a ninety-five page Amended Complaint. (Dkt. No. 41). Like the original Complaint, the Amended Complaint contains sex discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., (Dkt. No. 41, ¶¶ 152–53, 155), sex discrimination and retaliation claims under the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983, (Dkt. No. 41, ¶¶ 154, 156), conspiracy to commit sex discrimination, hostile work environment, and retaliation claims, under Equal Protection Clause, 42 U.S.C. §§ 1983, 1985(3), 1986 (Dkt. No. 41, ¶¶ 157–65), sex discrimination and retaliation claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. (Dkt. No. 41, ¶¶ 166–67),

and claims under §§ 75 and 209 of the New York Civil Service Law, and § 215 of the New York Labor Law, (Dkt. No. 41, ¶¶ 169–70).

The Court has reviewed the Amended Complaint, *see Woolsey v. Mitzel*, No. 17-cv-0033, 2017 WL 1323931, at *2, 2017 U.S. Dist. LEXIS 32265, at *3 (N.D.N.Y. Mar. 6, 2017), ("Despite the fact that plaintiff has paid the filing fee, the court is not divested of the power to review her amended complaint in this action sua sponte." (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)), *report and recommendation adopted*, 2017 WL 1322197, 2017 U.S. Dist. LEXIS 54095 (N.D.N.Y. Apr. 10, 2017), and rejects it as it contains claims the Court dismissed with prejudice and does not cure the deficiencies the Court previously identified. (*See generally* Dkt. Nos. 19, 38). First, the Amended Complaint continues to assert claims against the NYSP, a state agency—such claims are barred by sovereign immunity, (Dkt. No. 38, at 11–12), and Title VII claims, which were dismissed with prejudice, (*id.* at 12–13, 22–23).

Second, the Amended Complaint's lengthy factual recitation is followed by a list of causes of action, none of which are tied to the preceding facts or identify the defendants Plaintiff intends to advance them against. Plaintiff has been previously cautioned on this very issue in this case in connection with the original Complaint. (*See* Dkt. No. 19, at 23 (directing Plaintiff to "set forth the particular facts that support each of her claims" because the Complaint contained "voluminous factual allegations followed by a list of 20 causes of action, none of which are tied" to the facts alleged)).

Third, the Amended Complaint also includes causes of action for which this Court did not give Plaintiff permission to amend, namely claims under §§ 75(b) and 209 of the New York Civil Service Law, and § 215 of the New York Labor Law, (Dkt. No. 41, ¶¶ 168–70). These

claims were in the original Complaint but Plaintiff did not include or reference these claims in her filing in response to Judge Wolford's Order directing her to provide a more definite statement of her claims. To the extent Plaintiff seeks to add these claims to this action, she must file a motion to amend, demonstrating how such claims are legally and factually supported here.

Finally, while the Amended Complaint contains a host of factual allegations, these allegations principally pertain to the claims at issue in *Oliver 2015*,[1] bear little connection to any alleged actions by Defendants named in this action, and do not correct the deficiencies the Court identified in the original Complaint. Plaintiff must plausibly allege conduct committed by *these named defendants*. The Amended Complaint, however, like the original Complaint, fails to allege "facts that support the proposition that any Defendant was motivated by gender-based discriminatory intent," (Dkt. No. 38, at 15), contains duplicative allegations against Defendant Christensen, who was also a defendant in *Oliver 2015*, (*Id.* at 17; Dkt. No. 41, ¶¶ 64, 67), fails to allege adverse actions in connection with Plaintiff's retaliation claims, (Dkt. No. 38, at 17), and concerns post-employment conduct that does not appear to implicate future employment prospects, and that, therefore, would not support a retaliation claim, (*id.* at 18; Dkt. No. 41, ¶ 144).

The Court further notes that Plaintiff's lengthy recitation of the facts in *Oliver 2015* in this ninety-five page Amended Complaint violates the directive in Fed. R. Civ. P. 8(a)(2) that a complaint contain a "*short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are

---

[1] This Court issued a lengthy summary judgment opinion in *Oliver 2015*, ruling on Plaintiff's discrimination and retaliation claims against her former supervisors at the NYSP. *Oliver v. New York State Police*, No. 15-cv-444, 2020 WL 1989180, 2020 U.S. Dist. LEXIS 73284 (N.D.N.Y. April 27, 2020).

4

forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks and citation omitted). The Court will, however, allow Plaintiff a final opportunity to file an amended complaint. Any amended complaint **must contain factual allegations that support each of her claims against each Defendant**. The Court will not accept an amended complaint that fails to comply with this Order, or any prior orders issued in this case.

Accordingly, it is

**ORDERED** that the Amended Complaint (Dkt. No. 41) is **rejected** for failure to comply with the Court's prior orders in this case; and it is further

**ORDERED** that any amended complaint must be filed within **FOURTEEN (14) days** of the date of this Order; and it is further

**ORDERED** that any amended complaint comply in all respects with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement" of each claim, and it is further

**ORDERED** that if Plaintiff seeks to add claims under §§ 75(b) and 209 of the New York Civil Service Law, and § 215 of the New York Labor Law, she must, along with any amended complaint, file within **FOURTEEN (14) days**, a motion to amend with respect to these claims, setting forth the factual and legal basis for such claims; and it is further

**ORDERED** that if an amended complaint is not filed within **FOURTEEN (14) days**, the Clerk is directed to close this case and enter Judgment accordingly.

**IT IS SO ORDERED.**

Date: May 15, 2020
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

5